UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BEN WILLETT, )<br>)<br>Defendant. ) | Cause No. 1:94-cr-0007-01 (B/F) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable Sarah Evans Barker, Judge, on June 23, 2010, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on June 16, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held July 1, 2010, in accordance with Title 18 U.S.C. §3583 and Rule 32.1 of the *Federal Rules of Criminal Procedure.* Mr. Willett appeared in person and with his appointed counsel, Bill Dazey, Office of the Indiana Federal Community Defender. The government appeared by Brad Blackington, Assistant United States Attorney. Jason Phillips, U. S. Parole and Probation officer, appeared and participated.

The Court conducted the following procedures in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Bill Dazey, Office of Indiana Federal Defender, was appointed to represent Mr. Willett in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Willett and his counsel who informed the Court that they had read and understood the specification of violation and waived further reading thereof.

3. Mr. Willett was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Willett was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Willett was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Willett was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Willett had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation entered on June 23, 2010.

7. Mr. Dazey stated that Mr. Willett desired to waive the preliminary examination and proceed to the revocation phase of the proceedings. Mr. Willett then waived the preliminary hearing in writing and was held to answer.

8. Mr. Dazey stated that Mr. Willett would stipulate there is a basis in fact to hold him on the specification of violation of supervised release numbered 1 set forth in the Petition, but not violations of supervised release numbered 2, 3, 4 and 5.

9. The parties stated in open Court:

(1) That they were prepared to proceed to disposition of the pending Petition to revoke Mr. Willett's supervised release in open Court that date.

(2) That both the government and Mr. Willett agreed that defendant committed specification of violation numbered 1. The government moved to strike violations numbered 2, 3, 4 and 5 of the Petition. The Court **GRANTED** same. The violation admitted to is as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | As previously report to the Court, on June 9, and 10, 2009, the defendant submitted urine samples which tested positive for cocaine. He readily admitted using the substance. |

The Court placed Mr. Willett under oath and directly inquired of Mr. Willett whether he admitted the violation of specification numbered 1 of his supervised release set forth above. Mr. Willett stated that he admitted the above violation of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated the following:

1) Mr. Willett has a relevant criminal history category of VI. *See, U.S.S.G. §7B1.4(a).*

2) The most serious grade of violation committed by Mr. Willett constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Willett is 21-27 months.

4) The parties agree that upon revocation, the appropriate disposition of the case, given the totality of the circumstances, would be revocation of Mr. Willett's

>supervised release and that he be sentenced to the custody of the Attorney General or his designee for a period of 12 months and one day.  Further, upon release from confinement, Mr. Willett will be subject to 36 months supervised release.
>
>5) Mr. Willett is to begin service of his sentence immediately.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

The Court placed Mr. Willett under oath and he admitted the above violation.

The Court having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Willett violated the specified condition of supervised release as delineated in the Petition to Revoke his supervised release.

Ms. Willett's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 12 months and one day.  The service of the sentence shall begin immediately.  It is recommended by the Magistrate Judge that Mr. Willett be designated by the Attorney General of the United States and the Bureau of Prisons to the Federal Correctional Institute at Terre Haute, Indiana.  At the conclusion of Mr. Willett's term of confinement, he shall be subject to supervised release of 36 months under the terms and conditions previously ordered at sentencing.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Willett stipulated in open court waiver of the following:

>1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

    2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana*.

Counsel for the parties and Mr. Willett entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Willett's supervised release and the sentence imposed of imprisonment of 12 months and one 1 day in the custody of the Attorney General or his designee. The Magistrate Judge also recommends that the defendant be designated to the Federal Correctional Institution in Terre Haute, Indiana. Further, that upon Mr. Willett's release from confinement, he will be subject to supervised release of 36 months under the terms and conditions imposed at sentencing.

IT IS SO RECOMMENDED this 1st day of July, 2010.

                                      Kennard P. Foster, Magistrate Judge
                                      United States District Court
                                      Southern District of Indiana

Distribution:

Brad Blackington,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bill Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal